**FIRST COMMERCE OF AMERICA INC., an Oregon corporation, Plaintiff—Appellant,**

v.

**GENESIS FIRE PROTECTION, INC., an Arizona corporation, et al., Defendants—Appellees.**

**First Commerce Of America Inc., an Oregon corporation, Plaintiff— Appellee,**

v.

**Genesis Fire Protection, Inc., an Arizona corporation, Defendant—Appellant.**

**First Commerce Of America Inc., an Oregon corporation, Plaintiff— Appellee,**

v.

**Grantham Fire Protection, Inc., a defunct Arizona corporation, et al., Defendants—Appellants.**

No. 00–17060, 00–17169.
D.C. No. CV–96–02006–VAM.

United States Court of Appeals, Ninth Circuit.

Aug. 14, 2002.

Before WALLACE, KOZINSKI and PAEZ, Circuit Judges.

ORDER

Paragraph 2 beginning on page 3 of our memorandum disposition filed on June 7, 2002, is amended to read as follows:

"The second issue is whether the district court erred in holding that Genesis should not be held liable as a Grantham successor because Grantham's "principal assets" were not transferred to Genesis. *A.R. Teeters & Assocs., Inc. v. Eastman Kodak Co.,* 172 Ariz. 324, 836 P.2d 1034, 1039 (1992). Under *A.R. Teeters,* the transfer of a corporation's "principal assets" is a prerequisite to successor liability. *Id.* First Commerce argues that the district court erred in not finding that Grantham transferred its goodwill to Genesis. Because First Commerce failed to ask the district court to make such a finding, the argument is waived. *Hollinger v. United States,* 651 F.2d 636, 640–41 (9th Cir.1981) (citation omitted). Even if First Commerce had not waived this argument, we would conclude that the district court's finding on this issue was not clearly erroneous because Genesis did not purchase the Grantham receivables which had an esti-

mated value of $338,000. Nor did it purchase Grantham's trade name or the tools that ultimately sold at auction for over $27,000. *Acheson v. Falstaff Brewing Corp.,* 523 F.2d 1327, 1329–30 (9th Cir.1975) (interpreting a nearly identical provision in California law to require the purchase of "all or substantially all of a corporation's assets"). Since First Commerce's other successor liability arguments hinge on the "principal assets" issue, the same result obtains."

With this amendment, the panel as constituted above has unanimously voted to deny Appellant/Cross–Appellants' petition for rehearing.

The petition for rehearing is DENIED.